JOHN McCLUSKEY, plaintiff in error, *v.* JOHN T. McNEELY, defendant in error.

### *Error to Morgan.*

Between the time of delivering an execution to a deputy of the sheriff and a sale made thereon, the sheriff died. The deputy proceeded with his duty as if the sheriff was still living: *Held,* that the authority of the deputy did not cease with the death of the sheriff.

A debtor in an execution should select the property exempt from execution before a levy is made, if notified in time by the officer to make such selection; but if the officer neglect to give the notice before a levy is made, the debtor may make the selection and notify the officer thereof at any reasonable time before the sale takes place. The notice to the officer may be either by parol or in writing.

If an officer, in making a sale on execution, chooses to give a credit to the purchaser, the sale is good and a satisfaction of the execution to the amount of the sale, especially when done with the concurrence of the plaintiff in the execution.

If a debtor resides in one county and his property in another county is taken in execution, he is entitled to notice to make a selection of the property exempt from execution, equally as if he resided in the county where the execution was levied.

Where it appeared that a debtor had less property than was by law allowed him and it was taken in execution, it was *held* that he was entitled to the whole.

DEBT for the statute penalty for selling property exempt from execution, &c. brought by the defendant in error against the plaintiff in error, a deputy of the sheriff of Morgan county. The case was heard in the Circuit Court of said county, before the Hon. Samuel D. Lockwood, without the intervention of a jury, when a judgment was rendered in favor of the plaintiff below for three times the value of the property levied upon and sold.

*W. Thomas,* for the plaintiff in error, insisted

*First.* That the notice should have been in writing; that the officer could not act upon the verbal notification; he should have been placed in a position to prove at any time thereafter in self defence, that such notice had been served;

the defendant had no right to place the officer in a position which would require proof of a notice by witnesses, and thereby expose him to loss for defect of memory in witnesses, or their death or removal; the defendant was bound to furnish the officers with such a notice as could thereafter be used as evidence of the fact, that a notice was given.

*Second.* The notice should have been given before the day of sale. It was an unreasonable notice, even if it had been in writing.

*Third.* The statute under which this action is brought is highly penal, and must therefore be strictly construed. No recovery can be had unless it is made to appear, that the levy and sale is of such character as to divest the defendant in execution of his right of property. In this case it is evident, that no such sale was or could be made; the sheriff being dead, there could be no deputy. It is not competent for the Legislature to make a sheriff; the Constitution has provided otherwise; but if it were, the Act of 1825, vesting deputy sheriffs with the right and power to act after the death of the principal, is repealed by the Act of 1826–7, respecting sheriffs and coroners, which provides, that in case of the death of the sheriff, the coroner shall act. In the cause before the Court, the deputy sheriff acted under the law of 1825. He had no right so to act. His sale divested no right, any more than a sale by any other trespasser. It is further insisted, that in this case, the sale as made, amounted to nothing. It was no sale, and therefore no rights divested.

*Fourth.* In this case, the defendant resided in Scott county, and the deputy sheriff could not, in case of disagreement in regard to the kind or value of the property claimed, have the property valued as required by the statute. The statute under which the action was brought cannot be made to apply to the case before the Court.

*Fifth.* The property claimed is not of that description which was designed to be exempt from execution. It was intended by the Legislature to exempt sixty dollars' worth of such property as could be used by the defendants in exe-

cution, and not such as would necessarily be consumed or go to waste. Provision had before been made for the benefit of defendant's coming provision and subsistence, and the $60 worth of property could not have been intended to increase the provision before made for the same purpose.

The Acts exempting property from sale under execution are, the Act of January 17, 1825, Revised Laws, 1833, 367; Act of February 1, 1840, Laws of 1839–40, 89; Act of February 26, 1841, Laws of 1840–1, 171, and the Act concerning sheriffs and coroners of 1827, 374.

*W. Brown & R. Yates,* for the defendant in error.

In considering the first assignment of error, we refer the Court to Rev. Code, 316; Ib. 317, § 21; Ib. 325, § 66; *Wilson* v. *Gale,* 4 Wend. 623; 2 Dig. N. Y. R. 846, title "*Error,*" 453.

Under the second assignment of error, we make the following points:

1. After a man has acted as a public officer, and subjected himself to penalties for the illegal manner in which he has discharged his official duties, he will not be permitted to deny his official character to avoid responsibility.

2. If property is sold by a public officer, and struck off to the highest bidder, it is a sale, although the money is not paid, unless at the time the officer disregards the bid, and sets up the property again. 1 J. J. Marsh. 12; 9 Johns. 96.

3. The purchaser at sheriff's sale has a valid title, though no return is made on the execution. Minot's Dig. 230.

4. A sheriff cannot make evidence for himself by stating an excuse in his return. 2 Pirtle's Dig. 396; Littell's S. C. 271.

5. Though the return of an officer is conclusive between strangers, yet it is not so in suits in which the officer is a party. Minot's Dig. 298.

6. The notice required by our law, that the defendant claim property levied upon as exempt from execution, need not necessarily be in writing.

7. That where the defendant in execution has not as

much property as the law exempts from execution, and the officer is apprized thereof, the defendant is presumed to claim the exemption provided by the statute without any special notice of such claim. Cook v. Scott, 1 Gilm. 343–4.

The Opinion of the Court was delivered by

CATON, J.* Upon a judgment in the Morgan Circuit Court, an execution was issued against McNeely on the 3d of July, 1845, and delivered to the appellant, who was a deputy sheriff of Morgan county, and by him levied upon eight acres of standing corn of the defendant's, which was advertised and sold by the plaintiff to one Ray, to whom, by the direction of the agent of the plaintiff in the execution, a credit was given for the purchase money, and the amount for which the corn was sold was indorsed on the execution as so much made. Between the time of the delivery of the execution to the plaintiff and the sale, the sheriff, whose deputy the plaintiff was, died. A short time before the sale took place, the defendant notified the deputy, verbally, that he claimed the corn as exempt from execution under the statute, and forbid the sale. The evidence clearly showed that the defendant had not as much property as the law allows him exempt from execution.

The case was tried by the Court without a jury, and judgment rendered for three times the value of the property levied upon and sold. This is assigned for error.

Several objections have been urged as reasons why this judgment should not be sustained. None of which we think are tenable.

We will first inquire whether the authority of the deputy under the execution ceased upon the death of the sheriff. By the Law of 1825, it is provided that "the power of the deputy sheriff to act shall not be taken away by the death of the sheriff; but such deputy may do all acts and things which he could have done, had the sheriff remained in full life, until his powers be superseded by the appointment of a

---

* Justices THOMAS and DENNING did not sit in this case.

principal sheriff." It is insisted that this law is repealed, by implication by the law of 1827, which provides that "in case of the death of the sheriff, the coroner shall act as sheriff." We do not think that such is the proper construction of this law. Ever since the passage of this law, the practice has been otherwise, and such a construction would work the greatest inconvenience. There is nothing in the latter Act which is incompatible with the former. Both provisions are incorporated into the ninety ninth chapter of the Revised Statutes, the latter in the eighteenth section, and the former in the twenty sixth section, and this at least amounts to a legislative construction. It is sufficient to say that we cannot agree with counsel in the constitutional question raised. The deputy, then, having full power to act, is responsible for the abuse of those powers. But even if he were only an officer *de facto*, and had not a strict legal right to the office, his acts would still be good as between third persons, and his liability would be the same.

It is objected that the notice of the claim of exemption by the defendant should have been in writing, and before the day of sale. The evidence shows that the defendant was the head of a family, and all the property he had in the world was not worth more than twenty two dollars; and consequently the whole of it was exempt from execution, if suited to his condition in life, as we are convinced that the corn was. Indeed, when we remember that he had a wife and five children to provide for, as the case shows, we cannot doubt that it was not only suited to his condition but necessary for his support.

The statute does not require in express terms, that any notice whatever should be given, yet, inasmuch as a selection has to be made by the debtor, a notice of such selection must necessarily be given to the officer. But that selection and notice may as well be by parol as in writing. If the officer, as it is his duty to do, notifies the defendant before the levy is made, that he has the execution and is about to levy, the selection should be made before the levy; and when, as in this case, all of his property is exempt from the execution,

he may of course select and retain the whole. If, however, the officer does not notify the party before the levy, the selection may be made and notice given at any reasonable time before the sale. The notice in this case was given on the same day, and before the sale, and in sufficient time. It does not even appear that the debtor knew of the levy before the day of sale.

It has been urged that the defendant is not liable, because the money was not paid by the purchaser. The sale was notwithstanding good. If the officer chose to give a credit to the purchaser, it is still a satisfaction of the execution to the amount of the sale, especially when done with the concurrence of the plaintiff in the execution, as was the case here.

I confess my inability to perceive why the defendant, who happened to live in another county, was not as much under the protection, and entitled to the benefits of the statute as if he had resided in Morgan county, where the levy was made. That objection cannot prevail. We are not only satisfied with the judgment in this case, but think it is one where the propriety of the law is made most manifestly to appear.

The judgment is affirmed with costs.

*Judgment affirmed.*