CAMPBELL W. BARKER v. SARAH J. BARKER.

CASE-MADE—*Substantial Synopsis of Evidence, Not Sufficient.* Where a case-made recites that the same contains a substantial synopsis of the evidence only, and it is claimed that the evidence does not sustain the findings of fact as found by the court, *held*, that the record is not sufficient to entitle the plaintiff to have the evidence reviewed in this court.

*Error from Atchison District Court.*

ACTION by *Campbell W. Barker* against *Sarah J. Barker* for a divorce, and a division of property. At the November term, 1886, the court made special findings of fact and conclusions of law, and rendered judgment for defendant, denying plaintiff any right in the property of defendant held by her in her own name. Plaintiff brings the case here.

*Jackson & Royse,* and *J. P. Adams,* for plaintiff in error.
*Smith & Solomon,* for defendant in error.

Opinion by CLOGSTON, C.: The first question, challenging the right to have the case reviewed here, will be first considered. The defendant insists that the record presented does not contain all the evidence, or even the greater part of the evidence, offered at the trial below. From the record it is learned that the trial of the cause consumed or extended over the greater part of two months, and at best the record presented here must have been largely abridged. The record near its close contains statements, the first of which is as follows:

"The foregoing is a suitable synopsis of the evidence, that given by deposition being in full; but the oral evidence having been very voluminous, many of the details are omitted from this case-made, although the synopsis includes all the witnesses. And as to the deeds, insurance policies, and written contracts, only a general synopsis is given."

At the close of the record is the following:

"The above and foregoing is submitted as a full, true and

perfect case-made for the supreme court, containing all the pleadings and motions, record and proceedings in said cause, and a substantial synopsis of the evidence offered on the trial thereof; that given by depositions being in full, but the oral evidence having been very voluminous, many of the details are omitted from this case-made, although the synopsis includes all the witnesses. And as to the deeds, insurance policies, and written contracts, only a general synopsis is given."

It was held in *Cavender v. Roberson*, 33 Kas. 626, that where substantially all the evidence is recited in the record, it was sufficient to entitle it to a review, although it did not contain all the evidence in minute detail. In *Walker v. Braden*, 34 Kas. 660, the court said:

"The certificate of the judge shows that the testimony is not all here. Instead of certifying that it embraces all the evidence, he states that 'the same contains sufficient of the evidence and proceedings to raise the points desired to be presented by the defendant.'"

This certificate was held not to be sufficient. The court further said:

"We are disposed to encourage a reduction of the record, and the omission from the case-made of all matter not necessary to a review of the question raised. If the questions raised, and which it was desired should be decided here, had been briefly and clearly stated, and the judge had certified that all, or substantially all, the testimony relating to those questions was contained in the case-made, it would be sufficient."

In this case it is claimed that the findings of fact are not supported by the evidence, and that to determine this question all the evidence must be brought to this court, or substantially all the evidence offered at the trial below. "Substantially" here does not mean all the evidence, but the material part, not including the minor details; but the statement in this record presents not only the qualifying word "substantially," but the word "synopsis"—two qualifying words. And while it has been held that a substantial statement of the evidence is sufficient, yet it is less than the whole—it is the substance stripped of detail; but where you add to it the word

"synopsis," a still further abridgment of the case is made. "Synopsis" means a brief or partial statement; less than the whole; an epitome. This leaves the record, first, stripped of minor details, and then further abridged, reduced, and cut short; leaving only a partial statement of the substantial evidence and proceedings. This is not enough when called upon to set aside the findings of the court upon the testimony.

As said by the court in the case last quoted, it is the desire of this court to reduce records as much as possible, but where the claim is, as in this case, that the evidence does not support the findings, we are compelled to hold that a fuller record is required than would be necessary under other circumstances. If the claim of error went to some particular part of the transaction, and it was shown that the evidence upon that point was substantially given, then it would not be necessary that the record should include all the evidence; but as the claim of error in this case requires all the testimony, we think the statement contained in the record is not sufficient to entitle it to a hearing in this court.

It is therefore recommended that the cause be dismissed.

By the Court: It is so ordered.

All the Justices concurring.