Walker v. Braden.

---

## A. B. WALKER v. W. H. BRADEN *et al.*

1. CHATTEL MORTGAGE—*Sale on Execution—Distribution of Surplus.*
Where mortgaged personal property is sold on execution, and the mortgagee, who is not the defendant in the execution, or his legal representative, purchases the same, the court from which the execution was issued may, in any proper proceeding with all the interested parties before it, make an order that any surplus moneys remaining after the satisfaction of the execution with interest and costs shall be paid to the party or parties having the paramount right thereto; and if it be shown that the mortgagee has the paramount right thereto, the court should order that the surplus moneys should be paid to him.

2. SURPLUS MONEYS—*Paramount Right—Mortgagee and Creditors of Defendant.*   And in such a case where there is no lien upon the property sold, except the execution lien and the mortgage lien, the mortgagee will have the paramount right to the surplus moneys, although the officer selling the property may, after the sale and prior to the payment of the purchase-price, accept orders from the defendant in the execution to pay such surplus moneys to certain creditors of the defendant in the execution.

*Error from Crawford District Court.*

THE opinion states the case.

*D. B. Van Syckel,* for plaintiff in error.

*John T. Voss,* for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: This case has once before been in this court. (*Walker v. Braden,* 34 Kas. 660.) It appears that the defendant in error, W. H. Braden, as sheriff of Crawford county, had three executions in his hands, issued from the district court of said county against the property of McFarland & Moore, under which executions he levied upon certain personal property known as the "Anchor Mill," seizing the same as the property of McFarland & Moore. The executions, with interest and costs, amounted in the aggregate to $596.42. The property levied upon was worth $1,500. The plaintiff in error, A. B. Walker, had a valid chattel mortgage upon the property for the sum of $1,200, and interest. The sheriff, Braden, sold the property at public sale, and Walker bid upon it and purchased the same for $1,600. Afterward, Walker refused to pay the amount of his bid, and the sheriff, Braden, sued him therefor in said district court and obtained a judgment for the same, which judgment was afterward affirmed by the supreme court. But the supreme court, however, in affirming the judgment, used the following among other language:

"The debt for which the property was sold is only $535.42, and if the mortgage of the plaintiff in error is valid and subsisting, he may by appropriate action reach the surplus fund derived from the sale of the property and have it applied upon his debt, and thus be partially relieved from the effect of his blunder and the hardship of which he complains." (34 Kas. 669, 670.)

After such affirmance, Walker paid and satisfied the aforesaid executions and the judgments upon which they were issued, which in the aggregate, with interest and costs, then amounted to the sum of $664.52, leaving a surplus of $935.48 on Walker's bid, and he then instituted this proceeding in

the said district court to obtain relief, making every person a party thereto who claimed to have any interest in the surplus fund, or in any of the matters in controversy. The various parties answered. The principal matters alleged in the answers were that McFarland & Moore owed several of such parties, and that they had received orders from McFarland & Moore on the sheriff, Braden, to pay over to them severally a sufficient amount of the surplus fund to satisfy their respective claims, which orders Braden had accepted; but it was not claimed that any one of the parties answering, except Braden, had any lien upon the property sold on the executions, or even that he had reduced his claim to a judgment. The case was tried on April 14 and 15, 1887, before the court and a jury, and judgment was rendered against the plaintiff in error, Walker, and he now brings the case to this court for review.

We think the court below erred. "When there are surplus moneys arising from the sale of lands on execution, those having liens upon the lands sold have the same liens upon the surplus moneys which they had upon the lands previous to such sale." (Crocker, on Sheriffs, § 507. See also *Mitchell v. Milhoan*, 11 Kas. 617; *Butler v. Craig*, 29 id. 205, 206, 207, and cases there cited; *Averill v. Loucks*, 6 Barb. 470; *Van Nest v. Yeomans*, 1 Wend. 88.) This same rule applies, we think, to personal property.

Ordinarily when a sheriff sells property on execution, he should, after satisfying the execution, with interest and costs, pay any surplus of the proceeds of the sale remaining in his hands to the defendant in the execution, or to his legal representatives. Whether he might in any case, upon his own volition and choice, pay such surplus to some other person who might have the paramount right thereto, we need not now determine; but we do determine that where some other person than the defendant in the execution, or his legal representative, has the paramount right thereto, the court from which the execution was issued may, in any proper proceeding instituted before it for that purpose, with all the interested parties

before it, make an order that the surplus moneys shall be paid to the party or parties having the paramount right thereto. In other words, when the property sold is the mortgaged personal property of the defendant in the execution, and there are no other liens upon the property than the execution lien and the mortgage lien, the court may, and should, in any proper proceeding instituted for the purpose, order that the sheriff, after satisfying the execution, with interest and costs, should pay the surplus moneys to the mortgagee. In this present case we suppose that Walker's mortgage lien was, in the first instance, prior and paramount to Braden's execution lien, but Walker waived his priority of lien to the extent of the execution claims by bidding upon and purchasing the property. He however did not waive his priority of lien and rights to any greater extent, nor as to claims which were not liens in any sense upon the property. As to such claims, his rights were still prior and paramount. Walker is entitled to the surplus.

The judgment of the court below will be reversed.

All the Justices concurring.