## T. F. RHODES v. J. B. AULD.
### No. 160.

1. INJUNCTION BOND — *nature of damages recoverable on.* In an action on an injunction bond, only such damages are recoverable as are the natural, and necessary or proximate results of the injunction, and within the reasonable contemplation of the parties.

2. ——— *surety on, not liable for disposal of property pursuant to subsequent order of court.* When an injunction bond is given, and a sale, by the sheriff, of attached personal property is thereby prevented, and it is thereafter determined that the injunction was wrongfully obtained, a surety on such bond is not liable for the wrongful disposal of the property by a party to the action to whom the property was surrendered pursuant to a subsequent order of the court, and upon the security of another bond given for the forthcoming of the property.

Error from Marshall District Court, Hon. R. B. Spilman, Judge. Opinion filed December 5, 1896. *Reversed.*

15—5 KAN. APP.

This was an action brought in the District Court of Marshall County by J. B. Auld against T. F. Rhodes on an injunction bond executed by Rhodes as surety for James S. Warden, in an action in said court wherein Warden was plaintiff and Auld, and Haskin as sheriff, were defendants.

In March of 1877, Auld, the defendant in error, as plaintiff below, commenced an action in the District Court of Marshall County against Mary A. Jones and J. W. Jones, James S. Warden, and The First National Bank of Frankfort, Kan., to recover one thousand dollars, and caused an attachment to issue. Haskin, as sheriff, levied the attachment on certain personal property which was appraised at $1,154. Upon application, an order to sell the property was made, and the sale was set for May 9, 1887. To prevent the sale Warden commenced injunction proceedings against Auld and Sheriff Haskin. In this action Warden claimed the property as his own, and asked that Auld and Haskin be enjoined from selling it and that it be ordered delivered to him. A temporary injunction was issued upon condition that Warden give bond in the sum of two thousand dollars, which bond he gave, with Rhodes, the plaintiff in error, as a surety. The sale was, therefore, not made, and the sheriff retained the property in his possession.

On May 21, 1887, Warden applied for, and was granted, an order of court directing the sheriff to turn over to him the attached property upon the execution by Warden of a bond to the sheriff in the sum of twenty-five hundred dollars for its return if the court should so order. On May 30, the bond with satisfactory sureties having been made, the sheriff delivered the property to Warden. The obligation in the in-

junction bond is that Warden shall pay " all damages which J. B. Auld may sustain by reason of the issuing of said injunction and order of said court, if it should be finally decided that the said injunction and order ought not to have been granted."

Trial was had and judgment rendered in the attachment suit May 21, 1890, and an order made for the sale of the attached property.

In the injunction suit, final judgment was rendered February 23, 1892, in favor of the defendants, dissolving the temporary injunction and ordering a return, by Warden, of the property. The attached property was not forthcoming in either the attachment or injunction suits. It had been converted by James S. Warden to his own use. The judgment of Auld against Jones remaining unsatisfied, this action was commenced, January 2, 1893, on the injunction bond, the plaintiff claiming the right to recover thereon the value of the attached property which had been lost to him, together with the attorney's fees expended by him in the injunction suit. The District Court found the value of the attached property to be $1,250, and a reasonable attorney's fee in the injunction suit to be $150; and for such sums rendered judgment against the plaintiff in error, Rhodes.

*W. W. & W. F. Guthrie*, and *W. J. Gregg*, for plaintiff in error.

*W. A. Calderhead*, and *E. Hutchinson*, for defendant in error.

GARVER, J.  The main contention in this case is as to the extent of the liability of Rhodes upon the bond, and the measure of the damages recoverable thereon. In considering this question, it is necessary to bear in mind that a surety is favorably regarded in law, and

that his liability cannot be extended beyond the express terms of his agreement. Under this rule, as applied to the undisputed facts, we think it clear that Rhodes, as surety for Warden in the injunction proceedings, did not incur the liability for which he was held by the court. By the giving of the injunction bond, the custody of the attached property was not changed or disturbed; it continued in the possession of the sheriff who had executed the writ of attachment. A portion of such property was live stock, and, because of the expense of keeping it, it was, pursuant to an order of the judge of said court, advertised to be sold on May 9, 1887. By the order allowing the injunction and the giving of the bond, the sale was prevented; but, beyond such interference with the making of an immediate sale of the property, the bond had no effect. The evidence clearly shows that the sheriff continued in possession of the property after the execution of the bond the same as before, no change whatever being made until May 30, 1887, when it was turned over and delivered to Warden pursuant to another and separate order. Such an order and delivery of possession could have been made in the attachment suit without regard to the injunction proceedings. Gen. Stat. 1889, ¶ ¶ 4282, 4311. When the injunction bond was given, the parties thereto could have contemplated nothing more than the prevention of the proposed sale of the property, and the leaving of it in the custody of the officer. Its subsequent disposition was under another and entirely independent order of the judge, with which the surety on the prior bond was in no wise connected, and for which he cannot, either in fact or in law, be held responsible. That this was the view of the parties at the time, is evi-

dent from the fact that the order for the surrender of
the property to Warden was conditioned upon his
giving another bond, with sureties, in the sum of
twenty-five hundred dollars, for the return of the
property when demanded. Such bond was given, and
it was upon this order and bond alone that the sheriff
parted with the possession of the attached property.
Such bond, for the time, took the place of the prop-
erty, and to it the attaching plaintiff had to look when
the property was not forthcoming. These orders and
bonds are as separate and distinct from each other as
they would have been had the application for the
custody of the property and the order therefor been
made in the attachment case. The obligors in the
injunction bond did not bind themselves to answer
for any and every damage that might result in that
action. The damages covered by the bond are only
such as were sustained by reason of the injunction;
they must be attributable to the order for the in-
junction, and be its natural and proximate conse-
quences. When there is a new and independently
intervening cause for an injury, it must be held to be
the legal cause of such injury, rather than something
which is remote, though indirectly connected there-
with. We think, therefore, that in this case, so far
as concerns the attached property, a surety on the in-
junction bond cannot be held liable for any disposition
made of such property after its surrender by the sher-
iff to Warden. As the sale of the property was or-
dered for the purpose of avoiding the expense of its
keeping, and the continuance of such expense from
May 9, 1887, to May 30, 1887, was made necessary by
reason of the injunction, and the value of the property
as a security for the plaintiff was to that extent les-
sened, such expense, if necessarily and reasonably in-

230 RHODES v. AULD.

N. Dept. Opinion. Garver, J. 5 Kan. App.

curred, would be covered by the conditions of the bond. Likewise, the obligors therein would be liable for any depreciation in the value of the property, or for its loss, if such depreciation or loss was directly referable to the injunction and occurred during the time possession was retained by the sheriff. As it was finally determined that the injunction should not have been granted, the bond is also holden for the necessary and reasonable expenses, including attorney's fees, incurred by the defendant in defending against that action. Stated briefly, we hold that Warden and his sureties are liable on the injunction bond for all damages sustained by Auld with reference to the attached property from May 9, 1887, to May 30, 1887, which were the natural and proximate results of the sale having been enjoined, and, in addition thereto, for the necessary and reasonable expenses, including attorney's fees, of defending against the injunction proceedings; while Warden and his sureties on the forthcoming bond, given May 28, 1887, are liable for a return of the property, or the payment of its value. It follows, therefore, as the trial court did not observe these rules in fixing the liability of the plaintiff in error, that the judgment must be reversed.

Other errors are complained of and discussed in the brief of counsel for plaintiff in error, but as they are not likely to occur upon another trial we shall not treat of them in this opinion.

The judgment will be reversed and the case remanded for a new trial.