ANDREW G. HARMS *et al.* v. THE O. S. KELLEY
COMPANY.

**No. 360.**

1. APPELLATE PRACTICE— *Statement in Case-made.* The statements in the case-made set forth. *Held,* That the record affirmatively shows that it contains all the admissions made and evidence introduced in the case.

2. DEMURRER— *Properly Sustained.* The testimony examined. *Held,* That the trial court did not err in sustaining a demurrer thereto.

Error from Harvey district court; F. L. MARTIN, judge. Opinion filed July 13, 1898. Affirmed.

*Bowman & Bucher,* for plaintiffs in error.

*A. L. Greene,* for defendant in error.

The opinion of the court was delivered by

SCHOONOVER, J.: This is an action in replevin commenced by the defendant in error for possession of certain property upon which it held a mortgage. The defense was that the note and mortgage were given for the purchase price of a horse-power thrashing-machine, and that by reason of its defective construction the consideration had partially failed.

The question presented is, Did the trial court err in sustaining the demurrer to the evidence? Our authority to review this question is challenged by defendant in error, for the reason that the case-made does not contain all of the evidence offered and introduced on the trial.

Our attention is called to the following statement in the record: "The above and foregoing is the nature of the case, and of all the evidence offered and introduced in said cause."

Where it is contended that the court erred in sustaining a demurrer to the evidence, it is well settled that the case-made must affirmatively show that it contains, not the nature of all the evidence, not a synopsis of all the evidence, but all the evidence. (*Barber v. Barber*, 43 Kan. 91; *Walker v. Baden*, 34 id. 660; *Eddy v. Weaver*, 37 id. 540; *Hill v. National Bank*, 42 id. 364; *Wolfert v. Milford Savings Bank*, 5 Kan. App. 225.) This statement is indefinite, and of itself would preclude a review of the error complained of.

On examination of the record, we find a further statement to which our attention has not been called in the briefs. On the page on which service of the case-made is acknowledged, and just preceding the acknowledgment, the following notice or statement appears:

"That the above contains a true statement of the pleadings and issues joined, and all the admissions made and evidence introduced, and all the proceedings had in said cause."

From these two statements we conclude that the record affirmatively shows that it contains all the admissions made and evidence introduced in the case. (*Lindsay v. Comm'rs of Kearny Co.*, 56 Kan. 630.)

We have carefully examined the record, and our view is that the trial court did not err in sustaining the demurrer to the evidence. The judgment of the district court is affirmed.