## ALPHONSE DIGARD *v.* ANTOINE MICHAUD.

In an action for damages for a malicious prosecution, malice is usually, but not always implied, from the want of probable cause for the prosecution ; it will not be implied where the person against whom it is charged, is a man of high reputation, of a humane disposition, and nothing induces the belief that he had any cause of displeasure which could prompt him to injure the person he had accused.

In an action for damages for a malicious prosecution, the jury, having been charged that the defendant could only be made liable in case the prosecution was without probable cause and malicious, brought in a sealed verdict. The foreman having

informed the counsel for the defendant, that the jury had given a verdict for the plaintiff, as a matter of charity, though he and nearly all the other jurors thought there was no malice, the counsel for the defendant moved the court, previous to the opening of the verdict, that the jury be asked whether it was their intention to con_ vict the defendant of malice.  The counsel of the plaintiff opposed the motion, and his opposition was sustained.   On appeal : *Held*, that the opposition was correctly sustained.

After a verdict has been rendered, it is not in the power of any number of the jurors, nor all of them, to deprive the party who has obtained it, of any advantage resulting therefrom.  No declaration, though under oath, of any member of the jury, as to the reasons which led to the verdict, can be listened to.

The plaintiff in an action for damages for a malicious prosecution must prove the want of probable cause.   There must be some positive evidence to show that the prosecution was groundless.

APPEAL from the Parish Court of New Orleans, *Maurian*, J.

MARTIN, J.   This is an action for a malicious prosecution of the plaintiff, in which he was acquitted of a theft wherewith he was charged by the defendant, against whom *t*here was a verdict for five hundred dollars, and judgment accordingly.  The latter appealed.   His counsel has placed his  hope of relief at our hands, on the ground of the absence of malice on his part. Express malice is not pretended to have been proven; but the counsel of the plaintiff and appellee, has strongly contended that implied malice resulted from the absence of probable ground of suspicion.   This argument assumes that malice is always to be implied from the absence of such probable cause.   In the case of *Grant* v. *Deuel* (3 Rob., 17), we recognised the principle of the common law of England, cited in 2 Starkie, 912, 1 Salk. 14, 1 Lord Raymond, 374, Addison's Rep., 270, according to which the fact of malice is usually inferred from the want of any probable cause or excuse for the prosecution, which is an affirmative pregnant with the negative, that malice is not always to be implied from the absence of proof of such cause or excuse, as probably when the party against whom malice is charged is a man of high reputation and standing, of a humane disposition, and nothing induces the belief that he had any cause of displeasure which might prompt him to injure the person he had accused.   In the present case, there is no evidence of any circumstance from which a disposition in the defendant to injure the plaintiff could be suspected.   Let us moreover see whether

there was not some probable cause of suspicion. One of the witnesses, Erwin, deposes that the plaintiff told him that defendant had three boxes of money in his loft, nailed up to be sent to France, and that it was a pity the old rascal had that money; and that he has frequently seen the plaintiff selling goods in the absence of the defendant, and pocketing the money. The plaintiff's trunk was examined by an officer, and before this was done the defendant said that his money was wrapped in paper of a kind which he produced, and that there were rolls of that paper containing twenty-five cents pieces, forty of which were in each of those rolls; they were found—several rolls, say three or four, one of which only was opened and examined, and appeared to contain the number of twenty-five cents pieces, which the defendant had stated. The paper of the rolls was of the kind which the defendant had shown, but such a paper is not uncommon in other stores.

The verdict in this case was brought into court sealed, and, before it was opened, the defendant's counsel prayed that the jurors might be polled, and specially asked, whether they intended to convict the defendant of malice. This was opposed by the adverse counsel, and the opposition sustained. In this, the court did not err; for it expressly instructed the jury that the defendant was liable, only in case his prosecution was without probable cause, and malicious.

The motion to have the jurors polled was made on the information which the foreman had given to the counsel of the defendant, without any question being put to him, that the jury had given five hundred dollars to the plaintiff as a *forced charity*, and that he, and nearly all the other jurors were of opinion that there was no malice on the part of the defendant; and the foreman added, that he was ready to make such a statement before the court, as soon as the verdict should be opened and read. The defendant, unsuccessfully, sought to avail himself of the above circumstances to obtain a new trial.

In the case already cited, we expressed the opinion that, "if proof of want of probable cause were not required on the part of a plaintiff, every prosecutor would be exposed to an action in every case of acquittal. There must be some *positive* evidence

to show that the prosecution was groundless." See the authorities cited.

In the present case, the plaintiff shows no proof of malice in the defendant, except the failure of the prosecution, besides his allegation of the total and absolute absence of any ground of suspicion. The defendant's counsel urges, that he sought to protect his money from theft, not in an iron chest, but by concealment in a part of his house in which money is seldom lodged; that the plaintiff was one of the few persons, perhaps the only one, to whom the place of concealment was known; that he had expressed his regret at the defendant's possession of that money; and he concludes that this circumstance induced suspicion to light on the plaintiff, and that the evidence of his infidelity, in other money matters, strengthened the presumption. The examination of the plaintiff's money in his trunk, the paper in which it was enclosed, the number and value of the pieces in the roll examined, certainly did not authorise the plaintiff's conviction; but they must have some weight in justifying the defendant's suspicions.

The plaintiff and appellee's counsel has presented to us, as a circumstance from which malice may be inferred in the defendant, that he endeavored to injure the plaintiff, by improperly obtaining possession of letters directed to the plaintiff, and opening them. It is in evidence that the defendant laid before the Recorder certain letters directed to the plaintiff, but it is not shown in what manner he obtained them, nor that he opened them; his object in producing them, was to support the prosecution. We cannot judge of his motives in instituting the suit, from a step afterwards taken. The effort which the defendant's counsel made, and the counsel of the plaintiff defeated, to obtain from the jurors their respective opinion on the score of the malice imputed to him, may be to us, evidence of his consciousness of right conduct; but could not deprive his adversary of the legitimate exercise of the right he had to prevent a question, which the law did not authorise, being put to the jury. After a verdict has been recorded, it ought not to be in the power of all, or any number of the jurors, to deprive the party who has obtained it, of any advantage resulting therefrom.

The affidavit of the defendant's counsel was, in our opinion, improperly read, to state the unsworn declaration of the foreman of the jury, which, even if it had been supported by that gentleman's oath, could not have been listened to. Admitting that the fact disclosed by the foreman, forms no legal evidence on which the judge could act, yet, joined to the presumption of the absence of malice, which results from the testimony before us, we cannot absolutely repel the impression made upon us, that the jury considered themselves authorised to dispose of part of a suitor's property as a forced charity.

It is, therefore, ordered, that the judgment of the Parish Court be reversed, and that ours be for the defendant as in case of non-suit, with costs in both courts.

*Preaux* and *Schmidt*, for the plaintiff.

*Roselius*, for the appellant.