C. B. ZABRISKIE, RESPONDENT, *v.* JAMES F. MEADE ET AL., APPELLANTS.

2    285
21   169
26*  229

One who brings an action to recover real estate purchased under execution cannot show that the execution issued under a different judgment than the one recited on its face, nor can he contradict the recitals in the deed under which he claims.

If a defendant in execution has no title to premises in question, either at the date of sale, or at any time subsequent to the period when the judgment was rendered, as appears by the recitals in the execution, in the advertisement of sale, in the certificate of sale and the Sheriff's deed, a party claiming under such execution sale will not be allowed to show that the true date of the judgment under which the execution was issued was different from all those recitals.

APPEAL from the District Court of the Third Judicial District, Lyon County, Hon. W. HAYDON presiding.

The facts are stated in the Opinion.

*Aldrich & DeLong,* for Appellants.

*J. Neely Johnson,* for Respondent.

Opinion by LEWIS, C. J., BEATTY, J., concurring.

The judgment in this case is clearly contrary to the evidence, and must therefore be reversed; the title proven by the plaintiff upon the trial being based upon a judgment which it appears was rendered long after the premises had been conveyed by the judgment creditor to one Rawlings, from whom the defendants claim title.

If the recitals in the execution, certificate of sale and Sheriff's deed, which were introduced in evidence by the plaintiff to establish his title, be received as correct, the Sheriff sold property not belonging to the judgment creditor, but which was claimed by the grantor of the defendants by virtue of a deed which had been executed and recorded nearly a year before the rendition of the judgment upon which the sale was made to the plaintiff. It appears from the record that in the month of June, A.D. 1863, one C. C. York entered into an agreement with John Rawlings, by which he agreed to sell to him the premises in dispute for the sum of three hundred dollars, payable in monthly installments of fifty dollars; that on the twenty-third day of November, A.D. 1863, York and wife, in compliance with the agreement, executed a deed of the premises to John Rawlings; and on the twenty-second day of January, A.D. 1864, the same was recorded in the office of the County Recorder of Lyon County; and on the twentieth day of April, A.D. 1865, Rawlings conveyed to the defendants in this action. This is the title made out and relied on by the defendants. The plaintiff, to support his claim, introduced in evidence a judgment of the Probate Court of Lyon County, rendered on the sixteenth day of November, A.D. 1863, in his favor and against C. C. York, for the sum of one hundred and forty dollars and costs of suit. Upon this judgment an execution was issued on the eighteenth day of November—two days after the rendition of the judgment—by virtue of which some little personal property was seized and sold, but not sufficient to satisfy the judgment. On the twentieth day of January, A.D. 1864, an alias execution was issued and returned unsatisfied; and on the twenty-third day of November, A.D. 1864, an execution is issued in an action entitled *C. B. Zabriskie v. C. C. York*, by virtue of which the premises in dispute were sold to the

plaintiff in this action.   The probability is that this execution was issued upon the judgment rendered on the sixteenth of November above referred to, but it recites that it is issued upon a judgment rendered on the sixteenth day of November, A.D. 1864, and it commanded the Sheriff to satisfy the judgment out of the personal property of the defendant C. C. York, and if sufficient personal property could not be found, then out of the real property belonging to the defendant on the day upon which said judgment was docketed, or at any time thereafter.   The Sheriff certifies that on the twenty-fifth day of November, A.D. 1864, by virtue of this execution he levied upon and sold the premises in dispute to the plaintiff C. B. Zabriskie, for the sum of two hundred and twenty-six dollars.   The notice of sale also recites that the property was levied on by virtue of an execution issued upon a judgment rendered in the Probate Court for the County of Lyon on the sixteenth day of November, A.D. 1864.   The certificate of sale also refers to a judgment rendered in November, A.D. 1864, as that under which the sale was made, and the Sheriff's deed, which was executed on the thirteenth day of July, A.D. 1865, contains the following recitals :

" Whereas, by virtue of a writ of execution issued out of, and under the seal of the Probate Court of the Third Judicial District of the State of Nevada, in and for the County of Lyon, tested the 23d day of November, A.D. 1864, *upon a judgment* recovered in said Court on the 16th day of November, A.D. 1864, in favor of C. B. Zabriskie and against C. C. York, to the said Sheriff directed and delivered, commanding him that of the personal property of the said judgment debtor in his bailiwick he should cause to be made certain moneys in the said writ specified ; and if sufficient personal property of the said judgment debtor could not be found, that then he should cause the amount of said judgment to be made out of the lands, tenements, and real property belonging to him on the 23d day of November, A.D. 1864, or at any time afterwards ; " and the deed then recites, that sufficient personal property not being found, the Sheriff levied upon and sold the premises in dispute in this action to the plaintiff, C. B. Zabriskie.   There seems to have been no attempt to show that the date of the rendition of the judgment, as stated in the execution, notice of sale, certificate and date was a mistake, or to show that any other judgment than that of November

16th, A.D. 1863, was ever rendered; and yet the execution, notice of sale, and deed, all refer to a judgment rendered in November, A.D. 1864, a year after the sale of the premises by York to Rawlings. As the execution only authorized a levy and sale of such real property as belonged to York in November, A.D. 1864, and as the Sheriff did not levy upon or convey anything else, it follows that the plaintiff got nothing by the sale, because the property sold was not the property of the defendant, nor subject to the lien of the judgment, and the sale was, therefore, wholly unauthorized, it being the sale of the property of Rawlings to satisfy a judgment against York. Whether the judgment referred to in the execution and deed be in fact the one rendered in November, A.D. 1863, or whether there was another judgment rendered a year later, we cannot determine from the record. In the disposition of this case, however, we must take the recitation in the deed as conclusive that there was a judgment rendered in November, A.D. 1864, and that the sale of the property in dispute was made to satisfy it. Even if there had been an attempt to correct or contradict the deed by showing that the levy and sale were made under a judgment rendered in November, A.D. 1863, it would have been inadmissible in this action. The recitals in the Sheriff's deeds are conclusive between the party making them and those claiming under the deed.

*Donahue* v. *McNulty et als.*, 24 Cal. 411. In delivering the opinion in that case, Mr. Justice Currey says: "The officer who makes a sale and executes a conveyance of land under and by virtue of a judgment and execution, must necessarily make some reference in his deed to the authority under which he acted, and to the character of such authority. This is essential for the purpose of showing a transmission of the debtor's title in the property to the purchaser and grantor thereof. This is done by recital of certain facts constitutive of the officer's authority to sell and convey, and when this is done, those who claim under the deed are estopped from denying the truth of the facts recited." So in the case of *Jackson* v. *Sternberg*, 20 John. 50, it was held that parole evidence was inadmissible to contradict the recital, or show that the land was sold under a different judgment and execution than those recited in the deed.

The plaintiff could not, therefore, in this action have been per-

mitted to contradict the Sheriff's deed, upon which he relied, by showing that the sale took place under a judgment rendered at a time different from that mentioned in the deed, even if he had been desirous of doing so. But we do not see that the correction of the deed would help the plaintiff in the least, for the execution only authorized the Sheriff to sell such real property as York, the judgment debtor, was the owner of on the 16th day of November, A.D. 1864; and the record in this case clearly shows that, long before that time, York had conveyed away the premises levied on by the Sheriff, and that he had no interest in them on the 10th of November, A.D. 1864; hence the sale by the Sheriff was an absolute nullity, as much so as if he had levied on the property of an entire stranger to all parties to the proceedings in which that judgment was rendered. For it is now too well settled to admit of question, that a purchaser at a sale of real property under execution gets only such interest as the debtor possessed at the time of the lien of the judgment. If the judgment debtor has nothing, the purchaser gets nothing. (*Boggs* v. *Hargrave*, 16 Cal. 559.)

In this case York, the judgment debtor, had no interest in the property on the 16th November, A.D. 1864, the time stated in the execution when judgment was rendered, and, therefore, the purchaser, Zabriskie, gets nothing by the sale.

Judgment reversed.