Idsdev, J.
The plaintiff sues to recover from the defendant a watch, valued at two hundred dollars, which he alleges was stolen from him sometime since, and is now unlawfully in the possession of the defendant. He also claims one hundred and fifty dollars damages. t
The defendant, after pleading the general issue, avers that he bought the watch in good faith for the sum of two hundred dollars, and that he and his vendors having possessed the same more than three years, under purchase in market overt, he has acquired title by prescription, and prays that the plaintiff’s claim be rejected; but if,"the plaintiff establish his title to the watch, that he pay the defendant the sum of two hundred dollars, the price paid by him, before recovering it.
The defendant also claimed in reconvention from plaintiff five thous-an d dollars for malicious prosecution.
The Court below gave judgment for plaintiff for the watch, or payment of two hundred dollars, and condemned him to pay defendant fifty dollars damages and costs of suit.
The plaintiff appealed.
*337 The possession of the watch by the plaintiff, as owner of it, was anterior to the date at which the defendant or the persons from and under whom he holds his title and possession to it; and he has not shown a divestiture of the plaintiff’s title by onerous or gratuitous title, but he pleads and relies upon the prescription of three years, (C. O. 3472) during all which time he and his vendors or authors, have continuously and uninterruptedly had the possession of the watch, in good faith, and by a just title, as owners. See Art. C. C. 3460, par. 2.
The defendant purchased the watch about June, 1864, from one S. Silverstein, a jeweller, who purchased it on the 5th August, 1862, from one J. B. Prudhomme, also a jeweller, each purchaser paying for the watch its full value.
More than three years therefore had elapsed between the purchaso from Prudhomme and the date of service of the petition.
The plaintiff, however, contends the watch was stolen from him, and that the prescription laid down in Art. 3472, does not apply.
There is no legal evidence in the record to show that the watch was lost or stolen; and it was therefore unnecessary for the defendant to prove that he bought it in market overt, or from persons in the habit of selling such things, although he has satisfactorily proved that all the persons, through whose hands it passed, were dealers in watches.
The plaintiff’s action, for the recovery of the watch, is prescribed.
The reconventional demand of the defendant, whose residence is not in the same parish as that of the plaintiff, grows out of certain acts of his, in prosecuting the defendant criminally on a charge of having purchased his watch, knowing it to have been stolen.
The record shows this state of facts:
The plaintiff caused the watch to be put into the custody of a police officer, who discovered that some name which had been engraved on the watch had been nearly erased by filing. The defendant promptly gave the name of his vendor, and stated the price he had paid him for it, which upon inquiry, the plaintiff ascertained was true. This vendor, one Silverstein, also informed the plaintiff where he had purchased the watch, and the price he had paid for it to his vendor, Prudhomme, which, upon inquiry from Prudhomme he found to be true, declining to go further back to Prudhomme’s vendor, whose name was given to him by Prudhomme.
The plaintiff then instituted against the defendant a civil suit, claiming thl*watch, which suit he afterwards dismissed, paying the costs. He subsequently instituted against the defendant a criminal prosecution, caused him to be arrested and taken before the recorder, who dismissed the proceeding without investigation, “ being of opinion that the action was prescribed, or something of that kind.”
Publicity was, as usual, given of the defendant’s arrest, etc., in all the principal newspapers of the city.
And it is to obtain damages for the illegal acts of the plaintiff, that the defendant urges his reconventional demand.
From all the facts and circumstances of the case, we are to determine whether, in the criminal prosecution in which the plaintiff was the pro *338 secuto!, lie was actuated by malice; whether there was probable cause for the prosecution, and whether the defendant has sustained damage thereby. 12 A. 332. 8 A. 12. 5 A. 714. 9 Rob. 387. 3 Rob. 17.
Malice is usually inferred from want of probable cause; or express malice may be proved. 9 Rob. 387, 418. 9 A. 216.
And if no probable cause be shown for an arrest, malice will be presumed. 4 A. 377.
In the case of McConnell v. Michel, 6 A. 577, this Court said: “ The use of criminal process to enforce a civil claim is an intolerable abuse, even when the claim exists. But if the claim is unfounded; it shows a recklessness of the rights and characters of others which amounts to malice.”
The wanton injury of an individual is, in itself, a malicious act, and-where the criminal proceedings are shown to be entirely without cause, no further malice need be proved.
And in Pellenz v. Bullerdeick, 13 A. 274, this Court also held that “ to judge of the question of malice and the want of probable cause, both of which are essential to maintain the action, we must look at the case as it appeared to the defendant when he made the complaint. ”
What was the aspect of the case as it was presented to the plaintiff, when he made the criminal chaise against the defendant? He had been informed when, where, from whom and for what price, the defendant had purchased the watch, and upon inquiry he ascertained the truth of the statement in regard to the defendant’s possession of the watch. -
It is true, that some name which had been engraved in the watch had been partially or almost entirely erased, but it is not shown that the name so erased was the plaintiff’s, or when it was done, or by whom; and he knew this fact when he instituted his first civil suit.
'If, as was argued by counsel, the defendant set up the plea of prescription to the criminal prosecution, which was a suspicious circumstance, that plea did not carrse the prosecution, as it would have been if urged after the arrest, etc.; but we cannot discover that any such plea was urged by the defendant. The charge was dismissed, because the recorder wás of opinion “that it was prescribed, or something of that kind. ”
From all the facts and circumstances of the case, under the law and the authorities cited, it is clear that the defendant is entitled to damages, (Art. 2294, C. 0.) which the Court below assessed at fifty dollars; knowing the parties and their circumstances, and which we think should not therefore be increased, as prayed for- by the appellee.
It is therefore ordered, adjudged and decreed, that the judgment nf the District Court be annulled, avoided and reversed. It is further - ordered, adjudged and decreed, that judgment be and it is -hereby-rendered against the plaintiff and in favor of the defendant for the watch . sued for; it is further ordered-, that on the defendant’s • reeonventional, demand he recover from and have judgment against the plaintiff, Allen L. Hayes, for the sum of fifty dollars; and further; that the said plaintiff.pay tíió costs of suit in both courts.