No. 21,976.

T. J. BEALL, *Appellee,* v. JAMES SPEAR, MATTIE SPEAR, and PHIL WAH-WA-SIC, *Appellants.*

### SYLLABUS BY THE COURT.

1. CHATTEL MORTGAGES—*Unplanted Crop—Enforceable between Original Parties*  A chattel mortgage upon an unplanted crop, which is afterwards planted and grown, may be enforced as between the original parties, where no rights of third persons are thereby affected.

2. SAME—*Not Signed by Wife—Property Exempt.*  Evidence concerning a crop held to show *prima facie* that it was exempt, and therefore to raise an issue as to the validity of a mortgage upon it not signed by the wife of the owner.

3. REPLEVIN—*Demand—Costs.*  In replevin, where the right of the plaintiff to possession is established, the matter of demand having been made prior to the bringing of the action can be material only upon the question whether costs should be taxed to the defendant.

4. SAME—*Personal Judgment.*  An objection to the rendition of a personal judgment held to be without foundation in fact.

5. TRIAL — *Interpreter for Witness Refused — No Error.*  Where an Indian upon being called to the stand fails to respond to questions, and an application for the use of an interpreter is overruled, the judge stating that he has reliable information that it is unnecessary, it is incumbent upon a party complaining of such ruling to produce evidence that the witness cannot speak and understand English.

Appeal from Brown district court; WILLIAM I. STUART, judge. Opinion filed May 8, 1920. Modified and affirmed.

*M. A. Bender,* and *F. W. Hobbs,* both of Holton, for the appellants.

*W. F. Means,* of Hiawatha, for the appellee.

The opinion of the court was delivered by

MASON, J.: T. J. Beall brought replevin against James Spear, Mattie Spear, and Phil Wah-Wa-Sic, all the defendants beings Indians, basing his claim upon two chattel mortgages. The trial court held that as a matter of law the plaintiff was entitled to the possession of the property, submitting to the jury only the question of the value of his interest, and that merely as a matter of computation. Judgment was rendered accordingly, fixing the amount of the plaintiff's lien at $288.36, and the defendants appeal.

1. Although other items were included in the mortgages, the only controversy is with regard to a quantity of oats. One mortgage was executed by all the defendants, on February 17, 1917, securing a note for $350, given by James and Mattie Spear, who are husband and wife, and covering the oats to be raised that year on land of Phil Wah-Wa-Sic, which he had leased to James Spear for half the crop. The validity of this mortgage is attacked by the defendants Spear and Spear, on the ground that at the time of its execution the property referred to had no existence, the crop not having been sown until April 15. The mortgage, because of having been executed prematurely, would have afforded the plaintiff no protection against the claim of a subsequent purchaser or an attaching creditor (*Holt v. Lucas*, 77 Kan. 710, 96 Pac. 30), but as between the parties it was a valid contract, and when the crop was sown a lien at once attached so far as concerned their relations with each other. (*Cameron, Hull & Co. v. Marvin*, 26 Kan. 612; 11 C. J. 434-438, 440-441; 5 R. C. L. 407.)

2. The other mortgage, which also covered the oats, was executed April 21, 1917, and was signed by James Spear and Phil Wah-Wa-Sic. The Spears contend that it was invalid because the oats were exempt and Mrs. Spear did not sign it. There was evidence tending to sustain the claim of exemption, and therefore the court seems not to have been authorized to direct a verdict for the plaintiff so far as his rights were dependent upon the second mortgage. Under the original mortgage he had the right to take the property and to look to it for the amount of the debt it was given to secure. The later mortgage, however, secured an additional note for $50 (on which payments of a little over $25 were afterward made), and apparently the balance due on this note entered into the amount of the plaintiff's lien as determined by the court. In the absence of a finding by the jury that the oats were not exempt, there seems to have been no proper basis for including this sum of about $25 in the lien allowed, as against the defendants Spear and Spear.

In the plaintiff's brief a suggestion is made that the defendants orally agreed to give a new mortgage, but if there was evidence of such an agreement by Mrs. Spear (and we discover none in the abstract), it cannot be regarded as conclusively establishing the fact, even if not specifically denied.

3. All the defendants object to the judgment on the ground that the petition did not allege a demand, and in behalf of Wah-Wa-Sic the further objection is made that there was no proof of a demand having been made upon him. Spear and Spear denied the plaintiff's right to the property, and therefore as to them the absence of reference to a demand either in the pleadings or the evidence was of no consequence. (*Raper v. Harrison*, 37 Kan. 243, 15 Pac. 219.) Wah-Wa-Sic testified that he was willing the plaintiff should have his share of the oats to apply on the first mortgage, the implication perhaps being that he contested the validity of the second one. The question of demand could in any event affect only the question of costs, for of course the property would not be returned for want of it, and its omission can hardly be regarded as material here because the judgment for costs against Wah-Wa-Sic was warranted if he resisted the plaintiff's claim under the second mortgage, which was valid as to him. Moreover, it is obvious that the costs were not increased by any considerable amount by reason of his having been made a party; and in any event no question has been raised with regard to the taxation of costs.

4. A further objection in behalf of Wah-Wa-Sic is made on the assumption that a personal judgment was rendered against him for the amount due on both mortgages, while only the second one secured a debt owing by him. No personal judgment however was rendered against him except for costs, the sale of the oats having provided a fund for the payment of the indebtedness.

5. The final complaint is of the refusal of the trial court to appoint an interpreter to be used in taking the testimony of Mattie Spear. Mrs. Spear was called as a witness by the defendants' attorney, who asked her to state her name. To this she made no answer. The judge then asked her if she were deaf. She made no answer to this question nor to another asked by the defendants' attorney, who then requested the appointment of an interpreter. The request was refused, the judge saying that he had reliable information that the witness could speak and understand the English language. The statute authorizes the use of an interpreter "whenever necessary." (Gen. Stat. 1915, § 7249.) No showing was made that such a situation had arisen. The mere fact that

the witness did not answer the questions put to her did not establish that she did not understand them—it did not amount even to sworn testimony on the subject.  Especially in view of the statement of the judge, it was incumbent upon the defendants, if they wished to complain of the ruling, to produce evidence that Mrs. Spear did not understand and speak English.  Moreover, no suggestion is made of what testimony the witness could have given that would be material to the questions raised.

The judgment is modified by limiting the lien of the plaintiff against the property of Spear and Spear to the amount due on the $350 note.  If he shall desire to insist upon a lien for the additional sum of about $25, his right thereto may be determined in a trial upon the question whether the oats were exempt.

As so modified, the judgment is affirmed.