No. 23,401.

SIDONIA KEMMERLE, *Appellant,* v. RUSS WILSON, as Sheriff of the County of Leavenworth, *Appellee.*

SYLLABUS BY THE COURT.

REPLEVIN—*Wheat Crop Wrongfully Levied Upon by Sheriff—Plaintiff Not Estopped From Asserting Ownership by Her Conduct at Sheriff's Sale.* A crop of wheat owned by the plaintiff was levied upon and offered for sale as the property of an execution debtor. She gave notice to the sheriff and those attending the sale that the property belonged to her and that she would resist the taking of the property by the sheriff or any purchaser. The sale proceeded and finding that her notices and warnings were ineffectual, she undertook to save her property by making a bid for it and the sheriff struck off the property to her. She declined to complete the bid by payment on the ground that the property was her own, and not that of the execution debtor. As the sheriff was proceeding to advertise and resell the property to pay the judgment against another, her action of replevin was brought. *Held,* that the attempt to sell plaintiff's property to satisfy a judgment against another was a nullity; that the bid made did not change the ownership of the property; and that she was not estopped to assert ownership of the property in the action of replevin.

Appeal from Leavenworth district court; JAMES H. WENDORFF, judge. Opinion filed January 7, 1922. Reversed.

*Lee Bond,* and *T. W. Bell,* both of Leavenworth, for the appellant.
*B. F. Endres, William Dill,* and *A. E. Dempsey,* all of Leavenworth, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: This action involved the right to the possession of a quantity of wheat. Judgment was given against plaintiff and she appeals.

There is no real dispute as to the ownership of the wheat. Plaintiff owned it when it was seized by the sheriff as the property of another, but it is claimed that she is estopped to claim possession

of it by reason of having made a bid for it when it was offered for sale. Plaintiff owned the land on which the wheat was grown and the sheriff levied on it when part of it was not harvested and some of it was lying in bundles on the ground. When the levy was made plaintiff notified the sheriff that she owned the wheat and the land on which it was grown. He proceeded to advertise it for sale under the execution, and plaintiff then consulted an attorney, procured him to prepare a formal written notice that the wheat belonged to her and not to the defendant in the execution, and that she would hold him responsible in damages if he should attempt to sell it. Although this notice was given to the sheriff he went to the farm at the appointed time for the sale where a number of people had assembled. Plaintiff announced to those attending the sale that the wheat levied on was her own and in an emphatic way told them that she would make trouble for anyone who would buy it, going so far in her excitement and indignation as to say "that she would put a hole through anyone who undertook to take it from her." The sheriff ignored the notices and threats, and proceeded with the sale, and after several bids were made the plaintiff, in an effort to protect her wheat, made a bid and the sheriff announced that the wheat had been sold to her. He demanded the sale price, but plaintiff told him she did not have the money and would have to go to town to arrange for it. She did go there where she consulted an attorney, who advised her that she did not have to buy or pay for her own wheat, and then she told the sheriff that she repudiated the bid which she had made and would not pay for her own wheat. He advised her that he would insist on compliance with the bid and if she failed to pay he would hold the wheat and offer it for sale again and hold her for any deficiency that there might be at a resale of the property. As he was retaining the wheat and proposing to offer it at another sale, the plaintiff at once brought this action to recover it. The wheat has been converted into money and is held to await the result of the litigation.

The question presented is whether the plaintiff is estopped to claim her property by reason of the bid she made for it at a protested sale. It is true that ordinarily a bid and an acceptance of it at a sheriff's sale results in a contract upon which the sheriff may sue. (*Walker v. Braden, Sheriff,* 34 Kan. 660, 9 Pac. 613.) Ordinarily the bidder cannot avoid his bid on the ground that there are liens on it or defects in title to the property sold. The fact is,

however, that the sheriff had levied on property in which the execution debtor had no interest. He had no more right to seize and sell it than he would have to seize and sell the state house or some other government building. In *Walker v. Braden, Sheriff*, supra, the court in speaking of liens on the property offered for sale said:

"Only the interest which the execution debtors had in the property was levied upon and sold and the purchaser took the property subject to any valid and subsisting lien which existed against it." (p. 669.)

The execution debtor was not the owner of the property in question and the sheriff had no authority to levy upon it. It cannot be said that the sheriff made any representations which misled the plaintiff, but he committed a palpable mistake in seizing and offering for sale property not owned by the execution debtor. He is not suing on the bid nor is this an action to enforce the payment of the bid, but the question here relates to the ownership and right to the possession of the wheat. He was withholding possession when the action was brought and was proposing to sell it at a public sale as the property of the execution debtor. The ownership and right to the wheat was not changed by the thoughtless bid made by the plaintiff. In a resale of the property the sheriff could only offer it as the property of the execution debtor. He had no authority to sell it when it was first offered and no more right to sell it as the execution debtor's property at a resale.

Under the circumstances the bid made by the plaintiff did not operate to deprive her of the right to the wheat or estop her to claim possession of it. The sale itself as we have seen was made through a mistake of the sheriff and was an absolute nullity. (*Zabriskie v. Meade et al.*, 2 Nev. 285.) He and those attending the sale were warned as to the illegality. No one could have been misled by the bid. The plaintiff had tried to prevent a sale and misappropriation of her property by notices, warnings and even threats of violence. In a moment of excitement she made another frenzied effort to save her property by making a bid for it. She did not know her rights when the bid was made and instead of acquiescing in the sale she hastened to obtain the advice of an attorney as to her rights. Upon learning her rights and that the sheriff had no authority to sell her property to pay the debt of another, she promptly took steps to recover it from the wrongful possession of the sheriff.

When the property levied upon and sold is owned by another

than the execution debtor, the bidder gets.nothing, and upon learning of the invalidity of the sale, the bidder is at liberty to decline to complete the bid by payment. (*Scott v. Aultman Co.*, 211 Ill. 612; *Heirs of Bullio v. Poisset*, 20 La. 336.) The sale being a nullity, a fact the sheriff knew or had an opportunity to know, the plaintiff was not concluded by her bid and she was not thereby estopped to assert ownership of her property. (*Weaver v. Peasley & Co.*, 163 Ill. 251.)

The judgment will be reversed, with directions to enter judgment in favor of the plaintiff for the return of the property or the value thereof.