No. 25,041.

CARRIE JONES, *Appellee*, v. D. C. SIMMONS, as Sheriff of the County of Sedwick, *Appellant*.

SYLLABUS BY THE COURT.

1. ATTACHMENT—*Wrongful Levy on Plaintiff's Automobile—Issue for Jury.*
There was evidence sufficient to compel the court to submit the case to the jury, and it would have been error to have instructed the jury in favor of the defendant.

2. SAME—*Sheriff Responsible for Wrongful Acts of His Deputy.* Where a deputy sheriff levies an order of attachment upon property of a third person, the sheriff is responsible to that person for the damage sustained by him.

3. SAME—*No Error in Refusing Requested Instructions.* It is not error to refuse to give requested instructions where the court fully, completely, and correctly instructs the jury on all matters in controversy, including those embraced within the instructions requested.

Appeal from Sedgwick district court, division No. 1; THOMAS E. ELCOCK, judge. Opinion filed February 9, 1924. Affirmed.

*Jean Madalene*, of Wichita, for the appellant.
*William Keith*, and *Charles A. Walsh*, both of Wichita, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: The defendant appeals from a judgment in favor of the plaintiff for damages on account of the conversion of an automobile seized under an order of attachment issued out of the district court of Sedgwick county in an action wherein the Commercial Investment Company was plaintiff and A. C. Jones was defendant.

There was evidence which tended to prove that the plaintiff and A. C. Jones were formerly husband and wife, but at the time of the trial had been divorced; that, at the time of their separation, they made a division of their property in which the automobile in controversy was given to the plaintiff and a bill of sale therefor was given to her; that an order of attachment, issued out of the district court was levied on the automobile; that the plaintiff in this action filed a motion in the attachment action claiming that the automobile was her property and asking that it be discharged from the attachment; that a stipulation was signed by the attorneys for the plaintiff in the attachment action and by the attorneys for Carrie Jones, by which it was agreed that the automobile should be turned

over to the plaintiff in that action and be sold by the sheriff and that out of the proceeds of the sale, the attorneys for Carrie Jones should receive $50; that the stipulation was not signed by Carrie Jones; that her attorneys had no authority to enter into that stipulation; that she refused to sign it; that the automobile was stored in a garage owned by another person who wanted the garage and so informed Carrie Jones, who took the automobile away from the garage and placed it in another place after the attachment had been levied; that this was reported to the sheriff who informed the attorneys for the attachment plaintiff; and that contempt proceedings were immediately instituted against Carrie Jones who, in obedience to an order of the court, turned the automobile over to the sheriff.

1. The sufficiency of the evidence to entitle the plaintiff to recover was raised by a demurrer to her evidence and by requesting an instruction to direct the jury to return a verdict in favor of the defendant. The evidence which has been summarized was sufficient as against a demurrer to the evidence; and, under that evidence, it would have been error to have instructed the jury to return a verdict in favor of the defendant.

2. The writ of attachment was levied by a deputy sheriff. It is argued that the acts of a deputy sheriff in wrongfully levying an order of attachment on property of a third person are not within his authority as such deputy and do not bind the sheriff. It is not argued, and probably would not be argued, that the sheriff would not have been liable if he had levied the attachment. Section 19-805 of the Revised Statutes, in part, reads:

"Each sheriff may appoint such and so many deputies as he may think proper, for whose official acts and those of his undersheriffs he shall be responsible."

This statute makes the sheriff liable for the acts of his deputies. In *Frankhouser v. Cannon,* 50 Kan. 621, 32 Pac. 379, this court said:

"Where a deputy sheriff makes a levy upon property not authorized by the writ of execution, the sheriff is also responsible with him for damages." (Syl. ¶ 1. See, also, *McCracken v. Todd,* 1 Kan. 148; *Hoisington, Sheriff, v. Brakey,* 31 Kan. 560, 3 Pac. 353; *Yount v. Hoover,* 95 Kan. 752, 149 Pac. 408.)

3. It is argued that the court committed error in refusing to give instructions requested. An examination of the instructions requested and of those given reveals that the court fully, completely, and correctly instructed the jury on all material matters in this

action, including those embraced within the instructions requested. Under these circumstances, it was not necessary to give any of the requested instructions.

The judgment is affirmed.