### No. 28,247.

THE DANVILLE STATE BANK, *Appellant*, v. CHARLES MAY, Sheriff of Harper County, *Appellee;* THE COMMERCE TRUST COMPANY and WILL COSLETT, *Defendants.*

(271 Pac. 302.)

Opinion filed November 3, 1928.

*E. C. Wilcox, Myrtle Youngberg* and *J. Howard Wilcox,* all of Anthony, for the appellant.

*T. A. Noftzger, George W. Cox, W. J. Masemore, Lawrence Weigand,* all of Wichita, and *R. H. Beebe,* of Anthony, for the appellee.

The opinion of the court was delivered by

HARVEY, J.: This is a suit to have a contract construed to be an equitable chattel mortgage and for appropriate relief. The trial court sustained a demurrer to plaintiff's amended petition, and it has appealed. The petition named Will Coslett, the Commerce Trust Company and Charles May, as sheriff of Harper county, as

defendants, but the only defendant served with process was the sheriff; hence we must treat the case as between the Danville State Bank as plaintiff and Charles May, as sheriff, as defendant.

The original petition alleged that on September 9, 1926, Will Coslett became indebted to the plaintiff bank in the sum of $684.25 and executed his note, due November 9, 1926, therefor, and also executed a contract with plaintiff which recited, among other things, that the indebtedness was created and the credit extended upon the specific understanding that it was to be secured by a chattel mortgage to be executed by Coslett on 105 acres of wheat to be sown by him in the fall of 1926 on certain described real property in Harper county; that the wheat was not then sown, but Coslett agreed to sow the wheat and as soon as it germinated and became growing wheat to execute the chattel mortgage thereon, and in this instrument Coslett nominated and appointed one E. E. Wulf, an officer of plaintiff bank, his attorney in fact, to execute such mortgage (if he did not do so); and the instrument further provided that if neither Coslett nor his attorney in fact executed such chattel mortgage, the instrument itself should become and be treated as a chattel mortgage and constitute the first lien on the crop of wheat. The instrument contained further covenants and provisions usual in chattel mortgages. It was recorded in the office of the register of deeds of Harper county, September 10, 1926. The petition further alleged that on November 13, 1926, the Commerce Trust Company, which had previously obtained a personal judgment against Coslett in Sedgwick county for $575.84, with $12.35 costs, caused an execution to be issued thereon and placed in the hands of the defendant Charles May, as sheriff, and directed him to levy the execution upon the wheat, and that in pursuance thereof the sheriff did make such levy on November 22, 1926, immediately after the wheat was sown; that the sheriff was advertising the same for sale, and intended to sell it, and would sell it on January 11, 1927, unless prevented from doing so by an order of the court; that before the issuance of the execution and the levy thereof the Commerce Trust Company and Charles May, as sheriff, were each notified of plaintiff's contract and agreement with Will Coslett, and that each had full and complete knowledge thereof; that plaintiff had made demand of the sheriff for the possession of the growing wheat, which demand had been refused; that the Commerce Trust Company claims the right to insist upon

the sheriff holding possession of the wheat, but it was outside of the jurisdiction of the court, and no demand could be made upon it; that the wheat was growing upon real estate and could not be fully taken possession of; that there was no ready sale for such growing wheat, and that the value thereof and the measure of plaintiff's damages were speculative and uncertain. The prayer was for a personal judgment against Coslett for the amount of the note to the bank, with interest; that the contract be declared to be a chattel mortgage to the same extent and purpose as though a chattel mortgage had been actually executed after the wheat had germinated, and the same be adjudged a first lien on the crop, and that the defendant Charles May, as sheriff, be enjoined from selling or disposing of the crop pending the litigation.

A temporary restraining order was obtained from the probate judge, in the absence of the judge of the district court from the county. On January 10, 1927, the sheriff's motion to set aside this order (and we presume plaintiff's motion for a temporary injunction) came on for hearing before the district court. It appears that no record was made of what was then done, but we are advised by plaintiff's counsel that his recollection is that the court made an order continuing the restraining order as a temporary injunction conditioned on the plaintiff giving bond in the sum of $500. The bond was not given, and the restraining order was in effect thereby set aside.

Thereafter plaintiff filed an amended petition, which contained the allegations substantially as the original petition, and further alleged that the sheriff had, on January 11, sold the wheat pursuant to his levy under the execution previously discussed. The allegations with reference to notice of plaintiff's contract with the Commerce Trust Company and the sheriff were amplified, and it was alleged that the nature of the property, being growing wheat, unmatured, could not, at the commencement of the action, or at the time of the filing of the amended petition, be transferred from one to another by actual possession. The prayer was similar to that in the original petition, with the addition that plaintiff recover the property, or in the event the same could not be had, the reasonable value thereof, and for such other equitable relief as would be proper.

The sheriff filed a demurrer to the amended petition, which, upon hearing and consideration, the trial court sustained. Plaintiff complains of that ruling.

Appellee contends that the appeal should be dismissed for the reason that the controversy has become moot. It appears that at some time while the case was pending in the court below the deposition of the president of the plaintiff bank was taken, which disclosed that the purchaser of the wheat crop at the sheriff's sale harvested the same in the summer of 1927 and sold the wheat so harvested at the elevator on July 7, 1927, for $1,634.50; that the president of the plaintiff bank had personal knowledge of that fact, and that moreover the purchaser of such crop deposited the proceeds to the credit of his own personal account in the plaintiff bank. From that it is argued that if plaintiff had any lien on this wheat crop it could have taken the money out of the proceeds of this sale. But we cannot dispose of this appeal on that showing. The right of the respective parties under such evidence has not been determined in the court below. In fact, the deposition relied upon was never presented to the court. The case before us is an appeal from an order sustaining a demurrer to an amended petition, and involves no consideration of evidence either in the court below or in the court here.

Turning now to the questions presented on the appeal, it is argued by appellee in support of the court's ruling that the plaintiff had no lien on the wheat crop, for the reason that in this state a chattel mortgage cannot be given upon a crop which is not then sown; and this point must be conceded as being well taken. (*Long v. Hines*, 40 Kan. 216, 220, 16 Pac. 339, 19 Pac. 796; *Holt v. Lucas*, 77 Kan. 710, 96 Pac. 30.) It is further argued that a mortgagor's interest in personal property may be sold on execution if the sale be made subject to the mortgage; and, generally speaking, this point may be conceded as being well taken. (*Walker v. Braden, Sheriff*, 34 Kan. 660, 9 Pac. 613; *Kemmerle v. Wilson*, 110 Kan. 247, 249, 203 Pac. 297.) But these matters do not dispose of the question before us.

While the contract executed by Will Coslett to the bank on September 9, 1926, was not a chattel mortgage upon the wheat crop, it is the kind of a contract which the parties were competent to make under the law, and was a valid contract as between them (*Dodge v. Smith*, 5 Kan. App. 742; *Cameron, Hull & Co. v. Marvin*, 26 Kan. 612; *Live Stock Co. v. Guthrie*, 50 Kan. 467, 474, 31 Pac. 1071; *Holt v. Lucas*, 77 Kan. 710, 714, 96 Pac. 30; *Beall v. Spear*,

106 Kan. 690, 189 Pac. 938; 11 C. J. 434, *et seq.*) and one which a court of equity would enforce unless the rights of third parties intervened. (See 11 C. J. 440, and cases last cited.) If this were a class of personal property subject to levy and sale on execution, the situation would be different. But growing, immature crops, which need the substance of the earth perhaps for months before they are of real value to anyone, are not, from their nature, susceptible of being taken possession of under execution, and that possession transferred to a purchaser at an execution sale. (*Isely Lumber Co. v. Kitch,* 123 Kan. 441, 256 Pac. 133.) It is not, therefore, properly subject to levy upon under execution. The result is that no lawful rights of third parties intervened in this case. The act of the sheriff in going onto these premises and undertaking to take possession thereof, and to transfer that possession to another, to the injury of plaintiff, was just as wrongful as though the property had been exempt as real or personal property for which the exemptions had been claimed, or property that belonged to another than the execution debtor. (*Kemmerle v. Wilson,* 110 Kan. 247, 203 Pac. 297; *Jones v. Simmons, Sheriff,* 115 Kan. 505, 223 Pac. 284.) The act of the sheriff in doing so amounted to a conversion of the property, in that he interfered with the lawful contract rights of the plaintiff with respect to it, to the damage of plaintiff. In *Shannon v. Jones,* 34 N. C. 206, it was held:

"If an officer sells under execution a growing crop, and the purchaser afterwards gathers it, the officer, if he had no authority to sell under his execution, is as liable in an action of trover as the purchaser."

Generally speaking, a sheriff is liable for selling property which he had no authority to sell under his process. (35 Cyc. 1682.) Here the sheriff had no authority to sell under the execution in his hands the crop of wheat recently sowed by Coslett.

The amended petition states a cause of action against the sheriff for conversion. The judgment of the court below will be reversed, with directions to overrule the demurrer to the amended petition.