No. 29,241.

W. C. BLATTLER, *Appellant,* v. HAROLD L. WESTERMAN, *Defendant,*
D. C. MUNFORD and L. R. BRUMFIELD, Interveners, *Appellees.*

(286 Pac. 217.)

Opinion
filed April 5, 1930.

*Harold Payne,* of Kinsley, for the appellant.
*A. L. Moffat,* of Kinsley, for the interveners, appellees.

The opinion of the court was delivered by

HARVEY, J.: This action involves the respective rights of a creditor who attached a crop of growing wheat and of mortgagees whose mortgages on the wheat were given after the attachment. The trial court held for the mortgagees, and the attachment creditor has appealed.

Plaintiff owned a half section of farm land which he rented to Harold L. Westerman, who, in the fall of 1928, sowed 300 acres of the land to wheat. Soon thereafter Westerman went to Colorado, where he has since lived. On February 27, 1929, while the wheat sown by Westerman was growing and immature, the plaintiff filed an action in the district court against Westerman on a promissory note for $4,060.10 and caused an attachment to issue on the ground, among others, that Westerman was a nonresident of the state. The attachment was levied on certain farm machinery and personal property of Westerman and also upon the 300 acres of growing and immature wheat. The only service of process on Westerman was by publication, and he has made no appearance in the case. On March 9, 1929, the plaintiff made application for the appointment of a receiver for the attached property. A receiver was appointed and he qualified and gave bond, and thereafter proceeded to protect and preserve the growing wheat, and when the same became ripe he proceeded under an order of the court to cut and thresh the

same and hauled the grain to market and sold it for the best price obtainable, and out of the proceeds paid the necessary expense of the harvest and held the remaining proceeds to be disposed of by the order of the court. On June 29, 1929, Westerman gave D. C. Munford a mortgage on the wheat to secure a *bona fide* indebtedness of $150, and on the same day gave L. R. Brumfield a similar mortgage for $150. Westerman gave other mortgages on this wheat, but no question concerning them is before the court at this time. Munford and Brumfield filed intervening petitions in the action brought by plaintiff asking that sufficient of the proceeds of the wheat then in the hands of the receiver be paid to them, respectively, to pay the debts secured by the mortgages on the wheat given them by Westerman. The court set aside the attachment in favor of plaintiff on the wheat and directed payment to the interveners of the amount of their respective claims from the proceeds of the wheat. The plaintiff has appealed.

In *Isely Lumber Co. v. Kitch,* 123 Kan. 441, 256 Pac. 133, it was held:

"Annual crops, which are the product of industry and care, are not, while growing and immature, such personal property as subjects them to attachment and sale on execution."

In the opinion it was said:

"The principle of the common law that a growing crop can be sold on execution to satisfy the claims of a creditor is not suited to the conditions and wants of the people of this state." (p. 445.)

The point determined in that case was referred to approvingly in *Soeken v. Hartwig,* 124 Kan. 618, 619, 261 Pac. 590, and in *Citizens State Bank v. Clark,* 126 Kan. 162, 266 Pac. 932. The question was reconsidered and the former decision followed in *Danville State Bank v. May,* 126 Kan. 714, 271 Pac. 302, where it was held:

"A crop of immature growing wheat is not property of a kind that is subject to be levied upon and sold under execution."

Appellant contends that the decisions above referred to apply only when there was a levy *and sale* of the immature crop under execution, but in *Isely Lumber Co. v. Kitch,* supra, the court specifically overruled the case of *Polley v. Johnson,* 52 Kan. 478, 35 Pac. 8, which was an attachment case, and the point now argued was fully considered at that time. We have no disposition to recede from the views then reached.

The judgment of the court below is affirmed.