No. 32,255

The Stockgrowers State Bank, *Appellee,* v. E. J. Park and U. G. Park, *Appellants.*

(54 P. 2d 950)

Opinion filed March 7, 1936.

*Walter L. Bullock,* of Dodge City, for the appellants; *Howard Rooney,* of Dodge City, of counsel.

*Francis C. Price* and *Floyd N. Cossman,* both of Ashland, for the appellee.

The opinion of the court was delivered by

Dawson, J.: This was an action in replevin for the possession of certain cattle.

It appears that on November 1, 1929, the defendants, father and son, sold to Fred Mull, son-in-law of the one and brother-in-law of the other, a herd of cattle. To raise part of the purchase price, on December 30, 1929, he mortgaged the herd to the plaintiff bank. At successive intervals of a few months Mull obtained extensions of the loan and executed corresponding renewals of the chattel mortgage. In these several renewals the exact number and description of the cattle varied somewhat, but the recitals were always sufficient to identify the property. The last renewal was dated March 13, 1933. In all renewals after the one executed on March 31, 1930, there was a recital that the mortgage covered all increase and additions and accretions to the described cattle.

In the meantime, on November 3, 1930, Mull returned to defendants thirty-one head of heifers covered by plaintiff's chattel mortgage, for the alleged purpose of paying the balance due the defendants on the original purchase price.

This action was begun on December 9, 1933. Plaintiff's petition

recited the pertinent facts and alleged that pursuant to a conspiracy to defraud the plaintiff, Mull had delivered thirty-one yearling heifers covered by plaintiff's mortgage to defendants; that this fraud was perpetrated on or about November 3, 1930; and that in the meantime those yearling heifers had become cows and that their increase, which was considerable, was likewise covered by the terms of plaintiff's mortgage.

Defendants' answer contained a general denial, and pleaded the further defense that plaintiff's cause of action accrued more than three years before this action in replevin was begun.

The cause was tried before a jury. The plaintiff's prima facie case was readily established. The defendants gave testimony tending to show that the bank or its president knew about the resale of the thirty-one heifers to the defendants as early as April, 1931.

Only a single question of disputed fact was submitted to the jury. It and the jury's answer read:

"Q. When did the plaintiff learn of the sale of the thirty-one head of cattle from Mull to the defendants Park? A. November, 1933.

"E. A. RHOADES, *Foreman.*"

Judgment was entered for plaintiff on the jury's special finding and on other pertinent facts in dispute, and defendants appeal.

Defendants raise two questions, the first of which relates to the jury's special finding of fact, which they say was contrary to the evidence.

It is true that both defendants gave testimony to the effect that in a conversation with the president of the bank in April, 1931, they apprised him that Mull had returned the thirty-one heifers in payment of the balance due on the purchase price of the herd they had sold him in November, 1929. Such is a possible interpretation of their testimony—given the most liberal significance—but, of course, the trial court and jury were not bound to give it credence. The circumstances, including the relationship of defendants to Mull, may have cast doubt on its truth. (*Pfeifer v. Basgall,* 112 Kan. 269, 211 Pac. 134, and citations.) Moreover, it is no marvel that the triers of fact gave it no credence in view of the fact that in certain representations to some other financial institution designated "Regional Bank," also as "Regional Credit Corporation," in the record, which defendants made for the purpose of borrowing money or otherwise obtaining credit, they did not list these particular heifers and their increase as their property. (*Peoples National Bank v. Diven,*

135 Kan. 400, 10 P. 2d 883.) The testimony for the bank was to the effect that none of the responsible officials knew anything about the return or resale of these heifers to defendants until shortly before this action in replevin was begun in 1933. It is therefore quite clear that the jury's special verdict was supported by sufficient competent evidence.

Defendants' next contention is that the trial court erred in awarding plaintiff possession of the increase of the thirty-one heifers. This contention is based upon the rule of law that things not *in esse* at the time a contract is made cannot be made the subject of an enforceable contract, which, broadly considered, would include a chattel mortgage. Within limits there is such a rule, but there has also been a familiar rule of law in this state for fifty years that a chattel mortgage covering domestic animals "and their increase" is valid. (*Corbin v. Kincaid,* 33 Kan. 649, 7 Pac. 145.)

In *Holt v. Lucas,* 77 Kan. 710, 96 Pac. 30, 127 A. S. R. 459, this court went thoroughly into this subject, and the rule was restated and upheld. See, also, the instructive note to this case in 17 L. R. A., n. s., 203; and our own case of *Beall v. Spear,* 106 Kan. 690, 189 Pac. 938, where *Holt v. Lucas* is brought into the discussion of the validity of a chattel mortgage on an unplanted wheat crop. It is interesting to note that the legislature has recently enlarged the contract right of mortgaging chattels not even potentially in being at the time the instrument is executed. (Laws 1935, ch. 218.) However, the increase of the thirty-one heifers which are involved in this appeal necessarily had a potential existence at the time of the last renewal of the chattel mortgage, and defendants' contention that such increase was not within the terms of the mortgage as re·· newed on March 13, 1933, cannot be sustained.

The judgment is affirmed.